UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-120 |
| | ) | |
| ERIC ROBERT HENDERSON, | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER OF COMMITMENT FOR
### MENTAL EXAMINATION AND EVALUATION

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This matter came before the Court on September 27, 2010, for a detention hearing. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Kim A. Tollison represented the Defendant, who was also present.

The Defendant stands indicted [Doc. 1] of two counts of transmitting in interstate commerce a threat to injure a United States Congressman. The Government played audio recordings of voice mail messages that the Defendant left for Congressman Phil Roe. In these messages, the Defendant says that he has "multiple disabilities" relating to "brain cancer." Special FBI Agent David Bukowski testified that he was aware that the Defendant received a Social Security disability check for seizures and that the Defendant reported that he was not taking medication for this condition. The Pretrial Services Report, which was entered as an exhibit to the hearing, reveals that the Defendant reported having learning disabilities and "a

1

mental handicap which prevented him from earning a General Education Development diploma." The report also relates information from the Defendant's sister that he has a mental health defect, experiences homicidal ideation, and spent one week in a psychiatric hospital at age thirteen. Defense counsel proffered that the Defendant received Social Security disability benefits because he had seizures. He asked that the Defendant be released to report to a mental health hospital for evaluation and treatment. Although the Government agreed that the Defendant needed mental health treatment, it argued that the Defendant's proposed treatment was not sufficiently secure to protect the public.

Following the presentation of evidence and argument on the detention issue, the Government moved that the Defendant undergo a mental evaluation, pursuant to 18 U.S.C. § 4241, of his competency to stand trial. Defense counsel agreed that an evaluation was needed but argued that the Defendant should be released to a local facility to receive the evaluation. Defense counsel noted that he was still reviewing the Defendant's Social Security records but that he would be filing a notice of intent to rely upon an insanity defense, pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure. The Government also requested, in the interest of judicial economy, that the Defendant's sanity at the time of the offense be evaluated along with his competency.

Based upon the evidence presented at the detention hearing, the Court finds that reasonable cause exists to believe that the Defendant may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Thus, the Court concludes that reasonable cause exists to warrant a mental

2

examination and evaluation of the Defendant under 18 U.S.C. § 4241(a).  The Government requested that the Defendant also be evaluated under 18 U.S.C. § 4242(a).  Defense counsel gave oral notice of his intent to raise an insanity defense.  Based upon this notice[1] and to eliminate the need for successive evaluations, the Court also grants an examination under section 4242(a) pursuant to Rule 12.2(c)(1)(B) of the Federal Rules of Criminal Procedure.

Accordingly, the Court **GRANTS** the Government's oral motion that the Defendant undergo a mental evaluation for both competency and sanity, and it is hereby **ORDERED**, pursuant to Title 18, Sections 4241(b), 4242(a), 4247(b) and 4247(c), of the United States Code, as follows:

> 1. The Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists.  After designation of the facility is received, the Defendant shall be transported by the United States Marshal's office to such facility.
>
> 2. The purpose of the evaluation shall be:
>
>> a. for conducting psychiatric and psychological examinations by one or more licensed or certified psychiatrists and clinical psychologists;
>>
>> b. for the purpose of determining whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and
>>
>> c. for the purpose of determining whether at the time of the offense charged, the Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.
>
> 3. Pursuant to Rule 12.2(c), the Defendant is to submit to such examinations as ordered above.

---

[1]Defense counsel stated that written notice was forthcoming.

4. The Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility.

5. The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for the Defendant and counsel for the United States, and said report shall include:

    a. the Defendant's history and present symptoms;

    b. a description of the psychiatric, psychological and medical tests that were employed and their results;

    c. the examiners' findings;

    d. the examiners's opinions as to diagnosis and prognosis, and

    i) whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

    ii) whether at the time of the offense charged, the Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.

6. Pursuant to Title 18, Section 4247(b), of the United States Code, the Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time not to exceed **FORTY-FIVE (45) DAYS**, unless otherwise ordered by the Court.

7. The Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the completion of the evaluation or the expiration of the forty-five (45) day period, or any reasonable extension of that time period, whichever is sooner.

8. A status conference and/or competency hearing is set for **December 16, 2010, at 9:00 a.m.** If the Defendant has returned and the forensic report has been received prior to this time, the Court may schedule a competency hearing on an

earlier date. If the Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

9. The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation. If the Defendant has returned in time, the marshals shall bring him to the **December 16, 2010** competency hearing/status conference.

10. Because of the length of time necessary to evaluate the Defendant, the Court did not set a trial date in this case. All time during which the Defendant is undergoing a mental examination for competency, 18 U.S.C. § 3161(h)(1)(A), along with a reasonable time for transportation to and from such examination, 18 U.S.C. § 3161(h)(1)(F), is fully excludable under the Speedy Trial Act. A trial date will be set in this matter, upon the Defendant's return to the district, if he is found competent.

11. The Clerk is directed to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshal.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge